The court will proceed to the fifth case, the United States v. Austin. Ms. Gorsuch. May it please the court, my name is Allison Gorsuch and I represent the defendant appellant in this case, Mr. Keith Austin. Mr. Austin asked this court to vacate his guilty plea, or in the alternative, to vacate his sentence and remand for resentencing in a recalculated restitution order. Mr. Austin pleaded guilty to one count of bank fraud, one count of identity theft, and one count of obstruction of justice. He pleaded guilty in the middle of trial. And although the indictment alleged a much broader mortgage fraud arrangement, count nine, the count to which he pleaded guilty, only alleged bank fraud involving a single transaction against one financial institution, RBS Citizens. That count of the indictment was carefully carved out of the larger arrangement charged in the indictment. Mr. Austin pleaded guilty without a written plea agreement, and he did not agree to pay restitution in connection with any other counts other than the counts of conviction. Mr. Austin's guilty plea was not knowing and voluntary because the district court failed to advise Mr. Austin that it must consider the properly calculated advisory guidelines range. Counsel, I take it that Austin never sought leave to withdraw his plea in the district court. That is correct, Your Honor. Has he filed an affidavit of any kind describing what he knew or asserting that had the district judge told him more, he would not have pleaded guilty? He has not, Your Honor. Don't you think that's essential in a case like this where there's no motion in the district court? Your brief confidently asserts that had the district judge said additional things, Austin would not have pleaded guilty. But Austin himself has never said that. Isn't that a problem? It may be a problem, Your Honor, but the totality of the circumstances… Let me put it differently. Isn't that a fatal problem? Isn't that a dispositive problem? There are two things missing. One is Austin himself has never asserted that with more knowledge, he would not have pleaded guilty. The other is he's never asserted that he did not actually have the knowledge that the district court did not provide. Right? There was an exchange in which the judge asked, has your lawyer told you X and Y? And he said yes. And your brief says, well, that's irrelevant, what he actually knows. And your problem is that the Supreme Court held in United States against Vaughn that it's completely irrelevant. And it's essential to know what the accused actually knew. And with no affidavit from him, well, you can see the problem, I think. I do see the problem, Your Honor, in this context, in the situation where he's pleading guilty in the middle of trial, and he does not have the benefit of a written plea. This context is irrelevant. Right? We have a holding from the Supreme Court in Vaughn that not only do we need to know what the defendant would actually have done, we need to know what the defendant actually knew from sources in addition to the judge. And there's no effort in this record to show us what the Supreme Court in Vaughn says is essential on plain error review. That's the problem. Understood, Your Honor. The deficiencies in the court's Rule 11 colloquy point to larger problems that Mr. Austin also faced below. Mr. Austin faced a problem at sentencing when the district court miscalculated the guidelines range. As the government concedes, this was an error and this was plain. In addition to this being plain error, this miscalculation also affected Mr. Austin's substantial rights. His substantial rights were affected when the improperly calculated guidelines range was higher than what the guidelines range would have been had it been properly calculated. The improper range was 188 months through 235 months, and the correct range was 151 months to 188 months. This error affected Mr. Austin's substantial rights because when a sentence is based on an improperly calculated guidelines range that is higher than the properly calculated guidelines range, that affects the defendant's substantial rights. Furthermore, this error, this miscalculation, also affects the fundamental integrity of the judicial system. As the Supreme Court recognized this June, when a defendant's sentence is miscalculated and the sentencing range is inaccurate, that, in the usual case, means that there is an undermining of the judicial integrity. For these reasons, the plain error, the effect on Mr. Austin's substantial rights, and the effect on the judicial integrity of the proceedings, the district court's miscalculation of the sentencing guidelines range is plain error and should be reversed by this court, and we ask for a vacation of the sentence. In addition to asking for the vacation of the sentence, we also ask that the district court be able to look again at the restitution order. In this case, restitution is authorized by the Mandatory Victims Restitution Act, 18 U.S.C. 3663. Restitution may only be ordered under that statute in an amount sufficient to compensate a victim. A victim is a person directly harmed by a commission of a specific offense. Here, the offense of conviction, as I have described as Count 9, bank fraud, in that count, it charges one count of bank fraud in a scheme to defraud one financial institution, RBS Citizens, relating to the purchase of a particular property. The other fraud counts, bank fraud and wire fraud, were dismissed. Therefore, restitution may only be ordered in the amount of the lost cause to the financial institution, RBS Citizens, as a result of Count 9. Now, the Mandatory Victims Restitution Act also addresses the question of scheme, something that we've briefed in this case. Scheme, if a scheme is alleged as an element of the statute of conviction, then it may, in fact, conduct that is related to that scheme may be used for purposes of calculating restitution. But in this case, the court looks carefully at the indictment and carefully looks at the paragraphs incorporated into Count 9. It becomes clear that the only conduct was against RBS Citizens and only in reference to the one property alleged in Count 9 in the indictment. Therefore, when the district court below conflated loss amount and restitution, that court made an error in calculating restitution because restitution may only properly be awarded in circumstances that relate directly to the conduct of the offense of conviction, which in this case was Count 9, the one fraud against RBS Citizens for the purchase of one property. In addition, before I close, I'd like to raise for the court the issue that there may, in fact, be no loss as for Count 9 because the record also reflects that this mortgage never closed. There's no evidence in the record either way as to the amount of loss, and upon remand, the district court should take that into consideration. If the court has no further questions, I'll reserve the remainder of my time for rebuttal. Thank you, Ms. Gorsuch. Ms. Best. May it please the court. I am Yasmeen Best on behalf of the United States. This court should remand this case for the limited purpose of a resentencing or to correct the error with the restitution amount, but none of the other issues raised by the appellant warrant a remand. Turning first to the issue of the guilty plea, the district court adequately addressed all the requirements of Rule 11 to ensure that this defendant's plea was knowing and voluntary at the time that he entered the plea, and there's nothing in the record to the contrary that would support the defendant's allegation that but for the perceived technical deficiencies, he would not have pleaded guilty. Further, as Judge Easterbrook noted, this defendant never moved to withdraw his guilty plea at any point prior to his sentencing. For those reasons, the district court did not commit error in taking the defendant's plea at the time of his change of plea. As to the imposition of the sentence, the government acknowledges that there was an error that was not waived and that was plain at the time by the use of the incorrect guidelines, but that does not rise to the plain error standard because Given that you've conceded that a remand is necessary to re-sentence on restitution, why shouldn't the re-sentencing be complete? And then the other error, which everybody sees, that the judge used the wrong guidelines manual, can also be fixed. And it may be the judge will say, well, it's irrelevant. But if we're going to remand for re-sentencing, why not fix all the errors instead of fixing only some of the errors? That certainly makes sense. I think it's important to note that this still does not rise to plain error, and for that reason We don't need to decide whether each error is plain error all by itself. We've got one thing that you say is plain error. So my question is, why not fix all the errors? If it's going to go back to the district court anyway, fixing all the errors makes a good deal of sense, doesn't it? It certainly does, Your Honor. Might that be especially so in light of some of the language in the Supreme Court's decisions in Molina-Martinez and Rosales-Morales? I think that those cases have some very important distinctions from what we're dealing with here, and particularly the manner in which the sentence was determined. In both Molina and Rosales, those defendants received sentences that were at the low end of the incorrectly calculated range and then were within the range of the correctly calculated range once the error was discovered. In contrast here, we have a defendant who was sentenced to a sentence that was more than a third off the low end of the range, and the court distinctly said that the guidelines were entirely too high and then moved away from the guidelines in making a fair determination of what the district court believed was an appropriate sentence for this defendant. So I do think that Rosales and Molina should be distinguished from this case, but there is certainly language in there that makes clear why in the ordinary case a remand for resentencing is appropriate. But the main issue here, which the government has conceded, is the way in which the restitution amount was calculated and the fact that it was conflated with the loss amount at the time of sentencing. Because of the change in the law and the definition of financial institution in May of 2009 and the broadening of that definition, at the time of sentencing the parties did not quite point out or hone in on the fact that a financial institution in 2016 was much more broadly defined than it was in 2009 at the time that the defendant committed these offenses. And so that restitution amount was extended to the breadth of the lenders who were involved, even though they would not have qualified as financial institutions in the 2009 time period when the defendant was committing these offenses. As a result, the restitution amount is too broad, and once those lenders that would not have been financial institutions before May of 2009 are backed out, the restitution amount would appropriately be lower. And so I think for that reason, remand for resentencing and redetermination of the restitution amount makes sense and is appropriate because that does constitute a plain error that requires remand. That said, there were no other issues with the determination of the loss amount or the forfeiture amount because both of those were tied to the breadth of the scheme and the forfeiture amount in particular was tied to specific monies that went through this defendant's bank account and which were tied to his particular conduct in the scheme rather than the larger restitution amount. So his forfeiture amount was actually cabined much more narrowly. And so for those reasons, it is just the restitution amount that needs to be recalculated upon remand, though obviously taking into account the potential for the full resentencing that Judge Easterbrook mentioned. Therefore, it is the government's request that at this point, seeing no further questions from the panel, that this court remand for the purpose of resentencing alone rather than that this be remanded for the purpose of resentencing alone and that the court affirm this defendant's conviction. Thank you. Thank you, Ms. Gorsuch. Ms. Gorsuch. On rebuttal, I will address two points raised by my opposing counsel. First, I'd like to raise the government's attempt to distinguish this case from Molina-Martinez and Morales. In particular, the Supreme Court has made clear in both of those cases that it is not necessarily the amount of the ultimate sentence that matters in these cases so much as it is the fact that the load star or the starting point of the sentence has been miscalculated. And this court has routinely found, even prior to the Supreme Court's decisions in those cases, that in such a case this error is plain and should be remanded. Also, the government attempts to distinguish this on the fact that the court says that this was too high and that it imposed a sentence outside of even the correctly calculated guidelines range. That does not matter for the same reasons I stated, that the inappropriately calculated range is a load star. It's a starting point. And that the district court in this case, in fact, did implicitly base the sentence saying it was too high. It referenced the sentencing guidelines range. Secondly, as the restitution point regarding the government's argument about financial institutions, that is correct that the restitution was applied to broadly. But that particular mistake on the government's part is irrelevant here because the Mandatory Victims Restitution Act, again, only allows restitution to be imposed for the offense of conviction. There is no relevant conduct issue here, as there is for sentencing guidelines purposes, rather. It must be the result of the offense of conduct, which in this case was the bank fraud against the one financial institution. With that, we ask, Mr. Austin asks the court to vacate his sentence, vacate his guilty plea. In the alternative, vacate his sentence and remand for resentencing. Thank you very much. Thank you, Ms. Gorsuch. Thanks to all counsel. Ms. Gorsuch, you have the additional thanks of the court for accepting the appointment in this case. You're welcome. The case is taken under advisement.